IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBEKAH PATENT,<br>   Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-138 |
| DARRYL MURCHISON DESIGNS, LLC<br>d/b/a DARRYL & CO.,<br>   Defendant. | § § § § | JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Rebekah Patent ("Plaintiff" or "Patent"), and complains of Darryl & Co. ("Defendant"), and for her cause of action would show the Court as follows:

I.    INTRODUCTION

1. This action seeks equitable relief, actual, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and in violation of Chapter 21 of the Texas Labor Code committed against Plaintiff during her employment with Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

II.    PARTIES

3. Plaintiff Rebekah Patent was a Texas resident at all times relevant to this suit.

4. Defendant Darryl & Co. is a non-profit corporation with its principle place of business in Harris County, Texas. It may be served through its registered agent for service Darryl Murchison, 3558 E. T.C. Jester Blvd., Houston, Texas 77018.

5. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees

committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.   JURISDICTION AND VENUE

6. This court has jurisdiction to hear this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. The Court has personal jurisdiction over Defendant since Defendant maintains regular business operations in Texas, regularly conducts business in the State of Texas, and has minimum contacts with the State of Texas.

8. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

### IV.   PROCEDURAL REQUISITES

9. Plaintiff filed a Charge of Discrimination and Retaliation against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue letter dated October 23, 2017. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

10. All conditions precedent to filing this cause of action have been met.

### V.   FACTS

11. Defendant Darryl & Co. is a Texas-based rental and event design firm established in 1994 by Darryl Murchison. In March 2015 Plaintiff Patent was hired by Defendant as a Producer.

12. On or about October 16, 2015, while working at an event, a dispute arose between Rebekah Patent and Jesse Wilson, a Project Manager for Darryl & Co., regarding the details and scheduling of various activities for the event. The following day, when Patent went to the warehouse to pick up supplies for another event, Wilson was at the warehouse and the argument continued. Rather than continue to argue Patent attempted to leave to deliver the supplies she had picked up. Wilson followed her out to her car, yelling aggressively, and began pounding on Patent's car window and yelling for her to get out of the car. Patent became afraid for her safety and drove away. Wilson was acting in a physically threatening and intimidating way very different from how he communicated or acted with males in the workplace.

13. After that incident Patent contacted her supervisor, Craig Howard, about the situation and told him what happened. The following Monday, October 19, 2015, Patent had a meeting with Howard and the owner of the business, Darryl Murchison. She told them that she was afraid Wilson would become physically violent with her and that she did not feel safe. Murchison cut her off, and told her to stop talking. He asked if she wanted to file a claim. Patent said she wanted to file a claim of gender discrimination.

14. After Patent told Murchison she wanted to file a claim she was forced out on "administrative leave" for an indefinite amount of time. The company took her cell phone and company computer and escorted her off the property. Shortly thereafter Howard asked Patent in a text if she was "over it", and described her as "distraught", and told her she needed to "calmly" sit with Wilson and discuss the incident. The company made it clear they were not taking her complaints seriously. Her supervisor sent a text stating that if she still wanted to work there she should send him a letter that she was going to let the company investigate internally and that she was not going to the "labor board." He said the sooner she got the letter to him the sooner she

could get back to work. The communications made it clear that Patent's job depended on her agreeing not to pursue legal action. Patent refused to make such an agreement. Patent later received a text saying that Wilson would be in and out of the building all day, and that she was expected there as well. The company did not conduct any investigation into her concerns nor offer any assurances for her safety prior to requiring her to work in the same facility as Wilson. Further, Patent was told that if she did not show up it would be taken as her resignation. Defendant then did, indeed, terminate Patent's employment.

15. Based on the preferential treatment a person outside her class received, and Defendant's response to Patent's attempts to complain about the harassing and discriminatory behavior, the events and circumstances surrounding her treatment and termination, the behavior of her supervisors, and their comments and actions over the course of her employment and termination it is clear that Plaintiff was discriminated against based on her gender and that she was retaliated against for attempting to complain about the harassment and discrimination.

### VI. FIRST CAUSE OF ACTION - GENDER DISCRIMINATION

16. Plaintiff reasserts and incorporates by reference herein all the facts and allegations set forth above.

17. Plaintiff is a member of a protected class, namely, she is female.

18. Plaintiff was qualified for the position in which she was employed.

19. Plaintiff suffered an adverse employment action, namely, termination.

20. Plaintiff was treated differently from others outside her protected class and/or was replaced by someone outside her protected class.

## VII.    SECOND CAUSE OF ACTION - RETALIATION

21.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully written herein.

22.     After Plaintiff attempted to complain about the discriminatory treatment against her, Plaintiff was subjected to retaliatory treatment. She was placed on administrative leave and was informed that her ability to keep her job was dependent on her agreeing not to file a complaint outside the company, despite Defendant doing nothing to address her concerns, or even to investigate. When Patent would not agree, she was terminated.

## VIII.   DAMAGES

23.     As a result of Defendant's discrimination and retaliation, Plaintiff has suffered loss of wages, bonuses and benefits, loss of opportunity and earning capacity, both in the past and in the future, as well as emotional pain, mental anguish, emotional and mental impairment and disability, suffering, inconvenience, and in all probability will continue to suffer in this regard in the future.

## IX.    ATTORNEYS' FEES

24.     Plaintiff is entitled to recover attorney's fees and costs for bringing this action as allowed by the appropriate statutes.

## X.    JURY DEMAND

25.     Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## XI.    RELIEF REQUESTED

26.     Plaintiff prays for the following relief:

   a.   For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

b. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

c. For attorneys' fees;

d. For expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

e. For pre-judgment and post-judgment interest as allowed by law;

f. For costs of court, costs of prosecuting Plaintiff's claim; and

g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE HANSEN LAW FIRM, P.C.

*/s/ Jakki A. Hansen*
Jakki A. Hansen
ATTORNEY-IN-CHARGE
State Bar No. 24000886
SD TX No. 32213
10190 Katy Freeway, Ste 440
Houston, Texas 77043
Telephone: (281) 888-4364
Facsimile: (888) 492-9819
*jhansen@hansenlawfirmpc.com*
.
Joseph Y Ahmad
Texas Bar No. 0094110
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 655-1101
Telecopier: (713) 655-0062
*joeahmad@azalaw.com*

ATTORNEYS FOR REBEKAH PATENT